IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| POUYA REZAEIDIVKOLAEI,<br><br>Plaintiff,<br><br>v.<br><br>BIRD RIDES, INC.,<br><br>Defendant. | § § § § § § § § § § § § | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Bird Rides, Inc. ("Bird") hereby removes this action from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia.

### STATE COURT LAWSUIT

1. This case involves a Virginia citizen and resident, Plaintiff Pouya Rezaeidivkolaei ("Plaintiff"), who allegedly was injured when he fell off a Bird scooter. On April 8, 2022, Plaintiff filed suit against Bird in the Superior Court for the District of Columbia, Case No. 2022-CA-1499-B, claiming that his injuries were caused by Bird's alleged negligence, among other theories.

2. Bird now removes this case to this Court based on diversity jurisdiction.

### GROUNDS FOR REMOVAL

3. This action is removable pursuant to 28 U.S.C. § 1441. As set forth herein, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1)

because this action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. <u>Minimal Diversity Requirement</u>.  As alleged in the State Complaint, attached hereto as **Exhibit 1**, this action is between citizens of different states.  Plaintiff is a citizen and resident of Virginia.  (Ex. 1, State Compl., ¶ 1.)  Bird is a citizen of a foreign state.  (*Id.*, ¶ 2.)  Specifically, Bird is a Delaware corporation with its principal place of business located at 406 Broadway #369, Santa Monica, California 90401.  Consequently, complete diversity exists because Plaintiff is a citizen of Virginia, and Bird is a citizen of Delaware and California.

5. <u>Amount in Controversy Requirement</u>.  The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.  Plaintiff alleges that he "landed primarily on his left wrist" when he was purportedly thrown from a scooter, causing Plaintiff to "incur medical expenses, loss of income, and loss of time from his customary activities." (Ex. 1, State Compl., ¶¶ 9, 10, 20.)

6. Further, Plaintiff demands judgment "in the amount of $72,500.00, *together with punitive damages, treble damages, attorneys' fees . . . .*" (*Id.*, Prayer for Relief, p. 8 (emphasis added).)  Plaintiff alleges that DC Official Code § 28-3905(k)(1) grants him the right to see "treble damages, punitive damages, and attorneys' fees." (*Id.*, ¶ 45.)  These amounts may be added to Plaintiff's demand to form a part of the amount-in-controversy calculation.  *See Inst. for Truth in Mktg. v. Total Health Network Corp.*, 321 F. Supp. 3d 76, 90 (D.D.C. 2018) ("When attorney's fees are provided for by statute, they may form part of the amount-in-controversy calculation."); *G. Keys PC/Logis NP v. Pope*, 630 F. Supp. 2d 13, 17 (D.D.C. 2009) ("Punitive damages may generally be included when calculating the amount in controversy under 28 U.S.C. § 1332(a).").

## PROCEDURAL REQUIREMENTS

7. <u>Timeliness of Removal</u>.  This Notice of Removal is timely because it is being filed within 30 days of Bird receiving, through service or otherwise, a copy of the State Complaint.  28 U.S.C. § 1446(b)(1).  Bird was served through its registered agent, National Registered Agents, Inc., by process server on May 4, 2022.

8. <u>Removal to Proper Court</u>.  This Court is the appropriate court to which this action must be removed because it is part of the district and division within which this action is pending, namely, the Superior Court for the District of Columbia.  28 U.S.C. §§ 1441(a), 1446(a).

9. <u>Filing and Service</u>.  As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be contemporaneously filed in the Superior Court for the District of Columbia and served on all counsel of record.

10. <u>Pleadings and Process</u>.  Bird has not been served with any process, pleadings, or orders in this action other than the Summons, State Complaint, Initial Order and Addendum, Civil Remote Hearing Instructions for Participants, and Information Sheet.  *See* 28 U.S.C. § 1446(a).

11. Bird reserves all of its rights and defenses, including without limitation those rights and defenses under Fed. R. Civ. P. 12 and will timely respond to the Complaint in accordance with Fed. R. Civ. P. 81.

Respectfully submitted this 25th day of May, 2022.

QUARLES & BRADY LLP

*/s/ Hans P. Riede*
Hans Paul Riede (DC Bar No. 1001728)
1701 Pennsylvania Avenue, Suite 700
Washington, D.C. 20006

Telephone: (202) 780-2644
Facsimile: (202) 372-9572
E-mail: Hans.Riede@quarles.com

**Attorneys for Defendant Bird Rides, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2022, I caused a copy of the foregoing Notice of Removal to be sent by e-mail and U.S. Mail to the following counsel of record:

Lacey Ullman Conn, Esq.
Michael Scott Bliley, Esq.
Thomas, Thomas & Hafer, LLP
10555 Main Street, Suite 300
Fairfax, VA 22030
lconn@tthlaw.com
mbliley@tthlaw.com
(571) 464-0433

*Attorneys for Plaintiff Pouya Rezaeidivkolaei*

                                                  */s/ Hans P. Riede*